# Third District Court of Appeal

## State of Florida

Opinion filed September 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-49 and 3D14-2936
Lower Tribunal No. 13-13315
_____


**German D. Bosque,**
Appellant/Cross-Appellee,

vs.

**The State of Florida,**
Appellee/Cross-Appellant.


Appeals from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

David S. Molansky, for appellant/cross-appellee.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee/cross-appellant.

Before SUAREZ, C.J., and ROTHENBERG, and FERNANDEZ, JJ.

FERNANDEZ, J.

German D. Bosque appeals his judgment of conviction and sentence on the

charge of tampering with a victim and appellee State of Florida cross-appeals the

entry of a judgment of acquittal and new trial order on the charge of false imprisonment. We affirm the judgment of acquittal on the charge of false imprisonment, but reverse the judgment and sentence on the charge of tampering with a witness/victim based on the State's discovery violation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Richardson v. State, 246 So. 2d 771 (Fla. 1971).

Bosque was one of several police officers who responded to the scene of a domestic dispute between Corey Davis and Joanna Flores over the custody of their infant child. The officers tried unsuccessfully to convince Davis to return the child to Flores. A struggle ultimately ensued between Bosque and Davis during which Bosque allegedly punched Davis and retrieved the child from him. The police did not arrest Davis at the scene. Davis later appeared at the police station to file an internal affairs complaint against Bosque where Bosque briefly handcuffed Davis and told him that Flores had complained about his attempt to run her over with a car.

The State charged Bosque with false imprisonment, tampering with a witness/victim, and battery. The State's theory at trial was that Bosque abused his authority and arrested Davis in retaliation for Davis's complaint against Bosque. The jury convicted Bosque of false imprisonment, tampering with a witness/victim, and found him not guilty of battery.

2

The State initially denied possession of dispatch audio recordings, but produced the recordings post-trial. Bosque argued in his Motion to Dismiss, for Judgment of Acquittal or alternatively for a New Trial, based on Newly Discovered Withheld Discovery, that the State committed a willful and substantial discovery violation when it failed to produce the dispatch audio recordings prior to trial. The audio dispatch recordings demonstrated that, while at the scene of the incident, Bosque did not know of Flores' allegation that Davis tried to run Flores over with his car, but that he subsequently learned of the allegation prior to his encounter with Davis at the police station, establishing that he indeed had probable cause to arrest Davis for the aggravated assault. The trial court granted Bosque's renewed motion for judgment of acquittal and new trial on the false imprisonment charge and denied the motion on the charge of tampering with a witness/victim. Bosque received a sentence of three-hundred sixty-four days in prison followed by four years of probation.

Bosque is correct that the trial court erred when it failed to grant a new trial on the charge of tampering with a witness/victim. Bosque argued that the audio recordings would have served as impeachment evidence regarding the testimony of at least one witness. The State committed a discovery violation when it failed to produce the dispatch audio recordings. The trial court's denial of a motion for new trial is reviewed under an abuse of discretion standard. Stephens v. State, 787 So.

2d 747, 754 (Fla. 2001). The precepts of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), require Bosque to "show (1) that favorable evidence – either exculpatory or impeaching, (2) was willfully or inadvertently suppressed by the State, and (3) because the evidence was material, [he] was prejudiced." <u>Duest v. State</u>, 12 So. 3d 734, 744 (Fla. 2009). Bosque made the required showing and established entitlement to a <u>Richardson</u> hearing. <u>See</u> <u>Richardson v. State</u>, 246 So. 2d 771 (Fla. 1971).

There is no question that the recordings were exculpatory in nature. The recordings revealed that Bosque had knowledge of Davis's commission of aggravated assault against Flores at the time of arrest. This served to undermine the State's retaliation and abuse of authority theory. The State also either willfully or inadvertently suppressed the dispatch audio recordings because the dispatch audio recordings existed and were discoverable. Furthermore, the State's failure to disclose prejudiced Bosque because the dispatch audio recordings were material where, as here, "there is a reasonable probability that, had the [dispatch audio recordings] been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). The jury could have viewed Davis's arrest as proper independent of the internal affairs complaint.

We therefore reverse the trial court's denial of Bosque's motion for new trial on the charge of tampering with a witness/victim and remand the cause for a new trial on this charge. The judgment of acquittal on the charge of false imprisonment is affirmed.

Affirmed in part, reversed in part, and remanded.